MURRISH v. KENNEDY

No. 2819

April 25, 1932.                    10 P. (2d) 636.

*Campbell & Robins*, for Appellant:

*John A. Jurgenson* and *Cooke & Stoddard,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

H. J. Murrish, as receiver for Cash Store, Inc., a small mercantile corporation, formerly in business at Lovelock, Nevada, sued George W. Kennedy to recover the sum of $894.41 for goods, wares, and merchandise sold and delivered by said Cash Store, Inc., between January 1, 1922, and December 2, 1924. A trial of the issues joined upon the pleadings was had to the court without a jury. Judgment went for the plaintiff in the sum demanded. The defendant appeals from the judgment and from an order denying his motion for new trial.

The numerous assignments of error relied upon for reversal of the judgment and order may be summarized as follows:

(1) The court erred in its refusal to vacate the order setting the case for trial on May 24, 1927, and in its refusal to order that the case be tried by jury.

(2) Errors of law occurring on the trial.

(3) Insufficiency of the evidence to support the court's findings.

The first assignment involves the question of whether or not the defendant waived a jury trial in one of the ways prescribed by law. The facts bearing upon the subject of waiver are undisputed, and are, in short, as follows: The case was at issue on and prior to April 26, 1929, on which date the court, on ex parte motion of counsel for plaintiff and without the presence of either the defendant or his attorneys and without notice that the case would be called for setting, set the case for trial on May 24, 1927, without a jury. On May 20, 1927, or four days before the date on which the case was set for trial, the defendant caused to be served and filed in the cause notice of motion and motion to the effect that he would move the court for an order vacating the setting of the case and for an order that the case be tried by a jury. Upon the calling of the case for trial on May 24, 1927, counsel for defendant informed the court of the pending motion, whereupon the motion was presented and upon argument was over-ruled. The defendant duly excepted to the ruling of the court, and now assigns it as error.

Section 284 of the civil practice act (section 8782, N. C. L.), provides as follows:

"Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the recovery of specific real or personal property, with or without damages, and with the assent of the court in other actions, in the manner following:

"1. (a) If a party or his attorney is present at the setting of the cause for trial or has notice thereof, then by failing to demand a trial by jury at or before such setting.

"(b) If such party or his attorney is not present at or has no notice of such setting, then by failing to

demand a trial by jury within five days after receiving written notice of such setting."

 In view of the fact that it does not affirmatively appear from the record that written notice was given the defendant that on April 26 the court entered an order setting the case for trial without a jury on May 24, we think the judgment and order must be reversed.

Trial by jury is a constitutional right (article 1, sec. 3) and must be afforded unless waived in one of the methods provided by statute, and such waiver must appear of record. 35 C. J. 220.

For the reason given it is ordered that the judgment and order appealed from be and is hereby reversed.